# EXHIBIT "A"

IN THE SUPERIOR COURT OF TIFT COUNTY
STATE OF GEORGIA

YVONNE TINIE STRINGFIELD, Individually and
as Administrator of the Estate of MARY MARSH
Judy Jones, Lisa Jones and Walter T. Marsh,

      Plaintiffs,

vs.

GGNSC TIFTON, LLC; GOLDEN LIVING
INC., and XYZ ENTITY d/b/a GOLDEN
LIVING CENTER TIFTON,

      Defendants.

CIVIL ACTION
FILE NUMBER 2011CV865

FILED IN OFFICE

DEC 14 2011

GWEN PATE, CLERK OF COURT
_____ DC

## COMPLAINT FOR DAMAGES

COME NOW YVONNE TINIE STRINGFIELD, Individually and as Administrator of the Estate of MARY MARSH, Judy Jones, Lisa Jones and Walter T. Marsh, Plaintiffs in the above-styled matter, and file this, their Complaint for Damages against Defendants GGNSC TIFTON, LLC; GOLDEN LIVING, INC., and XYZ ENTITY d/b/a GOLDEN LIVING CENTER TIFTON and respectfully show to the Court as follows:

1.

Plaintiff YVONNE TINIE STRINGFIELD, Individually and as Administrator of the Estate of MARY MARSH, is a resident of Tift County, Georgia.

2.

Judy Jones, Lisa Jones and Walter T. Marsh are the children of Mary Marsh.

3.

Defendant GGNSC TIFTON, LLC (hereafter referred to as "GGNSC") is a foreign

limited liability company authorized to transact business in the State of Georgia and is subject to the jurisdiction of this court.

4.

Defendant GOLDEN LIVING, INC. is a corporation organized and existing under the laws of the State of Georgia and subject to the jurisdiction of this Court.

5.

XYZ ENTITY d/b/a GOLDEN LIVING CENTER TIFTON ("XYZ") is an entity, the formal identity of which is, despite Plaintiff's best attempts, unknown. Defendant XYZ owns and/or operates the facility commonly known as Golden Living Center, located at 1451 Newton Drive, Tifton, Georgia.

6.

Defendant GGNSC may be served by delivering a Summons and a copy of this Complaint to its Registered Agent, Corporation Service Company, 40 Technology Parkway South # 300, Norcross, Georgia 30092.

7.

Defendant GOLDEN LIVING, INC. may be served by delivering a Summons and a copy of this Complaint to its Registered Agent, Anson Pryor, 87 Southern Golf Court, Fayetteville, GA 30215.

8.

Jurisdiction and venue are proper in this Court.

9.

At all times material hereto Mary Marsh was a patient and/or resident at the facility known as GOLDEN LIVING CENTER in Tifton, Georgia.

10.

At all times material hereto, one or more of the Defendants owned and/or operated a facility known as GOLDEN LIVING CENTER, located at 1451 Newton Drive, Tifton, Georgia.

11.

At all times material hereto, the nurses and other medical providers and/or personnel who rendered care to MARY MARSH were acting individually and/or as actual and/or apparent agents and/or employees of one or more of the Defendants. At all times material hereto, those persons were acting within the course and scope of such employment and/or agency, with respect to the medical care rendered or caused to be rendered to MARY MARSH, and, as such, their actions and/or omissions are imputed to one or more of the Defendants under the doctrines of agency and I.

12.

This is an action for medical malpractice. To the extent that an affidavit is required, Plaintiff attaches hereto the Affidavit of Vickie Gibbs, R.N., which complies with Official Code of Georgia Annotated, Section 9-11-9-1.

13.

MARY MARSH was admitted to the facility commonly known as Golden Living Center located at 1451 Newton Drive in Tifton, Georgia.

3

14.

The employees and/or agents of the Defendants failed to properly care for MARY MARSH.

15.

Defendants individually and/or by and through their respective agents and/or employees deviated from the standard of care with regards to the care rendered to MARY MARSH.

16.

In the course of providing treatment to MARY MARSH, Defendants were negligent and failed to exercise the requisite degree of care, diligence and skill in caring for Plaintiff MARY MARSH.

17.

As a direct and proximate result of Defendants' negligence, MARY MARSH developed, among other medical complications and conditions, multiple decubitus ulcers and endured severe pain, suffering, anguish, shock, worry, and death.

18.

Defendants' level of misconduct is such that punitive damages are warranted under <u>Official Code of Georgia Annotated</u>, Section 51-12-5.1. Specifically, Defendants' conduct evidences willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which could raise the presumption of conscious indifference to consequences.

19.

As a direct and proximate result of actions, omissions, and violations of the duties and standards set out herein, and the procedures performed on MARY MARSH by Defendants and/or their employees and/or agents, MARY MARSH suffered physical, emotional, and psychological injuries, damages, pain, suffering and death. In addition, MARY MARSH suffered damages and incurred expenses and Defendants are liable for the same.

WHEREFORE, Plaintiffs pray for the following:

(A)   That they have a trial by jury;

(B)   That costs be cast against the Defendants;

(C)   The they be awarded special damages against the Defendants in an amount to be proved at trial;

(D)   That they be awarded general damages for the pain and suffering sustained as a result of Defendants' negligence;

(E)   That they be awarded punitive damages in an amount sufficient to deter similar conduct in the future; and

(F)   That they be awarded such other and further relief as this Court shall deem appropriate.

This __13__ day of December, 2011.

THE EICHHOLZ LAW FIRM, P.C.

_[signature]_

DAVID S. EICHHOLZ, ESQ.
State Bar No. 502134
E. BLAKE DURHAM, ESQ.
State Bar No. 235548
530 Stephenson Avenue
Suite 200
Savannah, GA 31405
ATTORNEYS FOR PLAINTIFF

## AFFIDAVIT OF VICKIE GIBBS, RN, CLNC

VICKIE GIBBS, RN, CLNC, who, after being duly sworn before an officer authorized to administer oaths, deposes and states as follows:

1. I am over the age of 18, competent to make this Affidavit, and give this Affidavit of my own personal knowledge.

2. I am a registered nurse licensed to practice in Georgia (# RN117387) and I was so at the times at which the negligent acts described herein occurred. I am also a certified legal nurse consultant (Cert. # 615841). A true and correct copy of my Curriculum Vitae is attached hereto as Exhibit "1".

3. The statements in this Affidavit are based on my personal knowledge, education, training, experience, qualifications, and the medical records of Mary Marsh.

4. Through my education, training and experience, I am familiar with the standard of care, skill and diligence ordinarily exercised by nurses and other providers when providing medical care similar to that being related to Mary Marsh while a patient at Golden Living Nursing Home, beginning in November 2009.

5. I have had actual professional knowledge and experience in the medical field of nursing for at least three (3) of the last five (5) years immediately preceding this opinion.

6. Based upon my review and examination as described herein, it is my opinion that, within a reasonable degree of medical probability, Golden Living Nursing Home, and its agents, employees and/or contractors, deviated from the appropriate standard of medical care with regard to the medical care rendered to Mary Marsh.

7. Specifically, the staff at Golden Living Nursing Home violated the standard of care by failing to plan and implement proper skin care for Ms. Marsh. Ms. Marsh developed, among other medical complications and conditions, multiple decubitus ulcers and endured severe pain, suffering, anguish, shock, worry, and, sepsis, and eventually death. Additionally, Ms. Marsh was at a high risk for further skin breakdown, yet, preventative measures were not implemented to prevent further skin breakdown.

8. Thus, it is my opinion, within a reasonable degree of medical probability, based upon the materials reviewed, that the staff at Golden Living Nursing Home's violations of the standard of care proximately and directly caused and/or multiple decubitus ulcers and endured severe pain, suffering, anguish, shock, worry, and, death.

9. The direct result of these deviations from the usual standard of medical care resulted in serious injury to the Plaintiff.

10. The opinions expressed herein are the product of reliable principles and methods developed as a result of my actual professional knowledge, experience, education and training in the field of nursing and community residential care facility care. Furthermore, I applied said principles and methods reliably to the facts I reviewed in this case in reaching the opinions expressed herein.

11. This Affidavit is given in conformance with the provisions of O.C.G.A. § 9-11-9.1. This Affidavit is neither a summary of all of my opinions that I may hold in this matter. This Affidavit is not dispositive of all my opinions relative to this matter. I

reserve the right to modify, add to, or to delete criticisms as additional information becomes available.

FURTHER AFFIANT SAYETH NOT.

*[signature]*
VICKIE GIBBS, RN, CLNC

SUBSCRIBED AND SWORN to before me this 27 day of December, 2011.

*[signature: Lauren M. Brock]*
Notary Public, Lee County, GA
My Commissions Expires
January 29, 2012

*[Notary seal: LAUREN M. BROCK, NOTARY PUBLIC, LEE COUNTY, GEORGIA, EXPIRES JAN. 29, 2012]*