IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| YVONNE TINIE STRINGFIELD, Individually and as Administrator of the Estate of MARY MARSH, Judy Jones, Lisa Jones and Walter T. Marsh, <br><br>  Plaintiffs, <br><br> v. <br><br> GGNSC TIFTON, LLC; GOLDEN LIVING, INC., and XYZ ENTITY d/b/a GOLDEN LIVING CENTER TIFTON, <br><br>  Defendants | Civil Action No. 7:12-CV-18 (HL) |

## ORDER

Defendants GGNSC Tifton, LLC and XYZ Entity d/b/a Golden Living Center Tifton filed an amended Petition for Removal (Doc. 3), pursuant to the provisions of 28 U.S.C. § 1441 on January 20, 2012. Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). After review, the Court has determined that proper subject matter jurisdiction has not been established.

I. **Federal Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of

judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Congress has created two primary methods for pleading original federal subject matter jurisdiction. The first method requires the existence of a federal question at the heart of the claim. 28 U.S.C. § 1331. The second method is based on diversity of citizenship. 28 U.S.C. § 1332. A diversity action is appropriate "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332 (a)(1). Thus, a diversity action has two distinct requirements: (1) an amount greater than $75,000, and (2) complete diversity of citizenship.

a. **Complete Diversity of Citizenship Requirement**

A party must distinctly and affirmatively plead citizenship. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980). For purposes of pleading diversity, a limited liability corporation (LLC) is deemed to be a citizen of each state where the LLC has members. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Regarding natural

persons, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir. 1971). Domicile is not always the same as residence, as a person may reside in one place, but be domiciled somewhere else. Thomas v. Thomasville Toyota, 623 F.Supp.2d 1378, 1381 (M.D.Ga. 2008) (citation omitted).

In this case, Defendants state that GGNSC Tifton, LLC is a non-resident corporation established under the laws of the State of Delaware with its principal place of business in Fort Smith, Arkansas. (Doc. 3, p. 3.) Under federal law, these allegations are insufficient to meet the pleading requirements for proper diversity jurisdiction.

Defendants have alleged that Plaintiffs are residents of the State of Georgia. Id. However, Yvonne Stringfield has brought this suit in two distinct capacities -- individually, and also as the administrator of her deceased mother's estate. Therefore, Defendants must provide the Court with information about Stringfield's citizenship, and diversity jurisdiction for her individual suit shall be examined in light of that citizenship. Defendants also need to provide the Court with Mary Marsh's citizenship. This is because when acting in a representative capacity, a decedent's personal representative is deemed to be a citizen of the

state of which the deceased was a citizen at the time of her death. See 28 U.S.C. § 1332(c); Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); James v. Three Notch Med. Ctr., 966 F. Supp. 1112, 1116 (M.D. Ala. 1997). To properly establish diversity jurisdiction, Defendants must allege the citizenship of Decedent Mary Marsh, Plaintiff Yvonne Stringfield, Judy Jones, Lisa Jones, and Walter T. Marsh.

## II. Conclusion

Having concluded that the requirements for diversity jurisdiction have not been met, the Court orders the Defendants to file an amended notice of removal that properly establishes diversity of citizenship in this case. The amended notice of removal must be filed no later than February 24, 2012. If the Defendants fail to properly amend the notice of removal, the Court will dismiss the case for want of proper jurisdiction.

The Court recognizes that Defendants have filed a Motion to Dismiss (Doc. 8) and Motion to Stay Discovery (Doc. 13). Both of those Motions are stayed until the jurisdictional issue is resolved. Assuming Defendants establish jurisdiction, the Court will set out a new briefing schedule for those Motions.

**SO ORDERED**, this the 16th day of February, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

afz/mbh