IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **YVONNE TINIE STRINGFIELD, Individually and as Administrator of the Estate of MARY MARSH; JUDY JONES; LISA JONES; and WALTER T. MARSH**,<br><br>Plaintiffs,<br><br>v.<br><br>**GGNSC TIFTON, LLC; GOLDEN LIVING, INC.; and XYZ ENTITY d/b/a GOLDEN LIVING CENTER TIFTON,**<br><br>Defendants. | Civil Action No. 7:12-CV-18 (HL) |

**ORDER**

This case is before the Court on Defendants GGNSC Tifton, LLC and XYZ Entity d/b/a Golden Living Center Tifton's Motion to Dismiss and Compel Arbitration (Doc. 8).[1]

On December 14, 2011, Yvonne Tinie Stringfield, individually and as administrator of Mary Marsh's estate, Judy Jones, Lisa Jones, and Walter T. Marsh sued GGNSC Tifton, LLC, Golden Living, Inc., and XYZ Entity d/b/a Golden Living Center Tifton in the Superior Court of Tift County. Plaintiffs contend Defendants committed medical malpractice which resulted in the death of Ms. Marsh.

The case was removed to this Court, and on January 27, 2012, GGNSC Tifton, LLC and XYZ Entity d/b/a Golden Living Center Tifton filed a motion to

dismiss or compel arbitration. The motion is based on an arbitration agreement signed by Tinie Stringfield prior to Ms. Marsh, her mother, being admitted to Golden Living Center Tifton, a nursing home. The arbitration agreement provides that "any and all claims, disputes, and controversies . . . shall be resolved exclusively by binding arbitration." (Doc. 8-3). Ms. Stringfield signed the arbitration agreement as the "authorized representative" of her mother.

In response to the motion to dismiss or compel arbitration, Plaintiffs contend that the motion should be denied because Defendants have not shown in what capacity Stringfield executed the arbitration agreement. For instance, was it under a general power of attorney, a healthcare power of attorney, or just as Marsh's daughter? The question is whether there was an agency relationship between Stringfield and Marsh such that Stringfield had the authority to bind her mother to the arbitration agreement.

Defendants have requested that they be allowed to conduct limited discovery on the issue of whether Stringfield had the authority to execute the arbitration agreement and bind her mother. The Court finds it appropriate to allow discovery on that one issue. The Court will lift the stay on discovery for a period of 60 days,

---

[1] Defendants also request a stay of discovery, which the Court granted in an order dated February 28, 2012 (Doc. 17).

through June 15, 2012. This deadline will not be extended for any reason. All other discovery will remain stayed.

The Motion to Dismiss and Compel Arbitration (Doc. 8) is denied without prejudice. If appropriate, Defendants may re-file their motion on or before June 29, 2012. If Defendants do not re-file the motion, the Court will lift the discovery stay and the case will move forward.

**SO ORDERED**, this 17th day of April, 2012.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh